IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

NORA E. RIDDLE )
)
Plaintiff )
)
vs. )       CV NO.  88-HM-5512-NE
)
CERRO WIRE AND CABLE GROUP, INC. )
)
Defendant )

**ENTERED**

MAR 2 8 1989

FILED

89 MAR 28 PM 2:21

## MEMORANDUM OF DECISION

The above entitled Title VII action was commenced by plaintiff Nora E. Riddle ("Riddle") against defendant Cerro Wire and Cable Group, Inc.[1] ("Cerro Wire") on November 21, 1988.

Paragraphs 6 and 7 of the complaint allege:

> 6. The plaintiff, Nora E. Riddle has been employed by the defendant since 1979.

> 7. During the plaintiff's employment, the defendant unlawfully discriminated against the plaintiff because of her sex with respect to the following: promotion, pay raises, job assignments, requirements of work, and terms and conditions of employment.

Paragraph 11 of Riddle's complaint reads:

> 11. Plaintiff filed a timely written charge with the Equal Employment Opportunity Commission. During the period following the filing of plaintiff's charge, the Equal Employment Opportunity Commission conducted an investigation of her charge. The notice of the right to sue was received by the plaintiff and she has brought this action prior to the expiration of 90 days from receipt of right to sue, hence all jurisdictional prerequisites to suit have been fully met.

---

[1]The defendant is incorrectly named "Cerrock Wire and Cable Group, Inc." in Riddle's complaint. The Court here uses the correct name of the defendant.

C
1

Plaintiff Riddle prays for the following relief in CV 88-HM-5512-NE:

    1.   Enter a declaratory judgment that the defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et. seq.

    2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and other representatives and all those acting in concert with the defendant and at the defendant's instruction from continuing to violate Title VII of the Civil Rights Act of 1964, as amended, in the manner alleged herein.

    3.   Grant plaintiff further judgment against the defendant for back-pay (plus interest), damages, lost seniority, lost pension, and fringe benefit credits, costs, attorney's fees and expenses and any other relief the court deems appropriate.

    4.   Plaintiff further prays for such other relief and benefits as the cause of justice may require.

    [Plaintiff's complaint, Court file, CV 88-HM-5512-NE]

The civil action above referenced is before the Court upon 12(b)(6) motion to dismiss filed by defendant Cerro Wire on December 15, 1988 alleging grounds in support thereof as follows:

    1.   To dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because the Complaint fails to state a claim upon which relief can be granted.

    2.   To dismiss the action on grounds that Plaintiff's action was previously adjudicated in a prior Equal Employment Opportunity Commission (EEOC) suit brought in Plaintiff's behalf and in response to charges of discrimination filed by the Plaintiff with the EEOC, resulting in a Consent Decree and an Order dismissing the cause with prejudice. See Equal Employment Opportunity Commission v. Cerro Wire & Cable Group, Inc., CV 87-HM-5594-NE (Attached as Exhibit A).

Exhibit A attached to such motion is: [1] Consent Decree of this Court entered on August 25, 1988 in CV 87-HM-5594-NE in the civil action styled "Equal Employment Opportunity Commission, Plaintiff vs. Cerro Wire & Cable Group, Inc., a corporation, Defendant" with attached exhibits.[2]  Paragraphs 4 and 5 thereof, together with n.2 to ¶ 4, provide:

>     4.  Upon receipt of a signed Release form (see Exhibit "C") executed by Mrs. Nora Elaine Riddle, Cerro will remit to the EEOC a check in the amount of ONE THOUSAND and FIVE HUNDRED DOLLARS ($1,500.00) made out to her. Upon receipt of Cerro's check made out to Mrs. Riddle, the EEOC will promptly disburse said money to her.2/
>
>     5.  Cerro will take no adverse action, either against Mrs. Nora Elaine Riddle or against any other person, in retaliation for either having filed a charge against the company with the EEOC or for having assisted the EEOC in the prosecution of this action.
>
> _____
> n.2/ In the event that Mrs. Riddle refuses to sign said Release, no monies shall be paid to her.

[2] Order entered in CV 87-HM-5594-NW dismissing that action with prejudice pursuant to EEOC motion to dismiss filed August 30, 1988 and Consent Decree entered August 25, 1988.

Under date of December 21, 1988 the Court entered Order in CV 88-HM-5512-NE setting briefing schedule for counsel of the parties and directing that briefs in support of and in opposition to Cerro Wire's motion to dismiss be submitted.  On January 4, 1989 counsel of record for defendant Cerro Wire filed brief [with exhibits] in support of its motion.  On January 11, 1989 counsel of record for

_____
[2]CV 87-HM-5594-NE was assigned to this judge who presided over the action from start to finish.

plaintiff Riddle filed brief [with exhibits in opposition thereto].[3]   The Equal Employment Opportunity Commission filed "friend of the court" letter brief [with exhibits] on January 6, 1989.

Since matters outside the pleadings have been presented to and not excluded by the Court in this civil action, the Court has treated Cerro Wire's 12(b)(6) motion to dismiss as one for summary judgment pursuant to Rule 12(b), Fed.R. Civ.P., to be disposed of as provided in Rule 56, Fed.R. Civ.P., and has given all parties reasonable opportunity to present all material made pertinent to such a motion by Rule 56.  On March 23, 1989 plaintiff Riddle filed seven (7) exhibits in opposition to summary judgment.  On March 24, 1989 defendant Cerro Wire filed herein certain additional evidentiary matter and another memorandum in support of summary judgment.

[CV 87-HM-5594-NE RE-VISITED]

[Background]

Nora Elaine Riddle filed her charge of Discrimination against Cerro Wire and Cable Group, Inc.[4] with the Birmingham, Alabama District Office of the Equal Employment Opportunity Commission ("EEOC") on or about March 16, 1984 essentially charging

---

[3]If the Court were to decide the issues raised by Cerro Wire's motion to dismiss by weighing the respective briefs, Riddle would win by a pound.

[4]Cerro Wire and Cable Group, Inc. was identified as "Cerrock and Cable Company" in Riddle's Charge of Discrimination.

4

that on January 26, 1984 her employer Cerro Wire [Hartselle, Alabama] discriminated against her on the basis of sex by passing her over for promotion to leadperson in shipping and receiving and by paying her less wages because of her sex [Ex. 1, Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss, CV 88-HM-5512-NE].   EEOC then served timely notice on Cerro Wire of the Riddle charge, including date, place and circumstances of alleged unlawful employment practice and made investigation thereof.

Under date of December 27, 1986 the Commission determined: [1] that Riddle's sex was the sole motivating factor for Cerro Wire's failing to promote her as leadperson; and [2] there was not reasonable cause to believe that Riddle's wage allegation was true [Plaintiff's Ex. 2.  Id.]

EEOC's endeavor to thereafter eliminate the alleged unlawful employment practice by informal methods of conference, conciliation and persuasion was unsuccessful.

[Court Records]

On December 14, 1987 the EEOC instituted civil action in this Court against Cerro Wire and Cable Group, Inc. designated as CV 87-HM-5594-NE.   Under Nature of The Action the EEOC complaint alleged:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex and to make whole Mrs. Nora E. Riddle.  Specifically, the action is brought because Defendant refused to promote Mrs. Riddle to a "lead" job in its shipping department because of her sex (female).

5

The <u>Jurisdiction and Venue</u> section of EEOC's complaint reads as follows:

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.   This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, <u>et seq.</u> ("Title VII").

2.   The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Northeastern Division.

The <u>Parties</u> section of EEOC's complaint alleges:

## PARTIES

3.   Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) of Title VII.

4.   At all relevant times, Defendant, Cerro Wire & Cable Group, Inc. (the "Employer"), has continuously been and is now a corporation doing business in the State of Alabama and the City of Hartselle, and has continuously had and does now have at least fifteen employees.

5.   At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

The <u>Statement of Claims</u> section of EEOC's complaint in CV 87-HM-5594-NE reads:

## STATEMENT OF CLAIMS

6.   More than thirty days prior to the institution of this lawsuit, Mrs. Nora E. Riddle filed a charge with

the Commission alleging violations of Title VII by Defendant Employer.   All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   Since at least January 26, 1984, Defendant Employer has engaged in and is continuing to engage in unlawful employment practices at its Hartselle, Alabama facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).   These practices include failing to promote Mrs. Nora E. Riddle to a permanent "lead" job on the second (i.e., night) shift in the shipping department because of her sex (female).

8.   The effect of the practices complained of above has been to deprive Mrs. Nora E. Riddle of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (female).

EEOC in CV 87-HM-5594-NE prayed for the following relief:

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it from engaging in any employment practice which discriminates on the basis of sex.

B.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Mrs. Nora E.   Riddle by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place promotion of the aggrieved individual.

D.   Grant such further relief as the Court deems necessary and proper.

E.   Award the Commission its costs in this action.

[Plaintiff EEOC's complaint, Court file, CV 87-HM-5594-NE]

Pretrial Conference was held in CV 87-HM-5594-NE on March 2, 1988.  Appearing at such conference were: (1) G. William Davenport, Senior Trial Attorney, for EEOC; and (2) Attorney John A. Wilmer, for Cerro Wire.  Paragraph 5, Statement of the Case (a) Agreed Summary, of the Pretrial Order entered on March 2, 1988 provides:

(a) Agreed Summary.

Defendant Cerro Wire & Cable Group, Incorporated ("Cerro") is an employer engaged in an industry affecting commerce within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-(b), (g) and (h). At all times from January 1, 1981, to the present, Cerro has continuously employed at least fifteen (15) full time employees.

On or about January 26, 1984, Cerro decided to promote someone other than Mrs. Nora Elaine Riddle to the second shift lead job at its Hartselle, Alabama, warehouse facility.  Mr. Riddle, a long time Cerro warehouse worker, had been filling the lead position on a temporary basis (i.e., with no extra pay) for about a year.  The person selected to be promoted to the lead job was a Buck Harvel, a male employee of Cerro's who had been working for the company at the warehouse for about a year.  The United States Equal Employment Opportunity Commission ("EEOC") is the agency of the Federal Government charged with administering, interpreting, and enforcing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  On or about March 16, 1984, Mrs. Nora Elaine Riddle filed a charge with the EEOC against Cerro alleging that she had been discriminated against because of her sex when Cerro refused to promote her to the second shift lead job.

On March 16, 1984, the EEOC notified Cerro of Mrs. Riddle's Title VII charge against the company.  The EEOC then investigated the charge, interviewing Cerro officials and employees, reviewing company records, etc.

Then, on December 27, 1986, the EEOC found "reasonable cause" to believe that Cerro had unlawfully discriminated against Mrs. Riddle because of her sex in violation of Title VII when the company refused to promote her to the second shift lead job.  As required by statute, the EEOC then attempted to "conciliate" the charge.  This effort was not successful.  On July 29, 1987, the EEOC notified Cerro that its conciliation efforts had failed.

8

The EEOC filed suit against Cerro on December 14, 1987.
Such suits, as Federal law enforcement actions, are
expressly authorized by Title VII, 42 U.S.C. § 2000e-
5(f)(1).

Plaintiff's Position in ¶ 5(b) of the Pretrial Order reads as
follows:

    (b) Plaintiff's position.

Plaintiff EEOC contends that Mrs. Riddle was the victim
of intentional sex discrimination. Her (all male) work
crew resented taking orders from a woman while she was
acting as temporary lead on the second shift. Cerro's
management was aware of this situation but, instead of
backing Mrs. Riddle up whenever she tried to discipline
the crew, the company either did nothing or undermined
what little authority she did have. Then, on January 26,
1984, the company promoted a male trainee (i.e., with
only a year's experience) to be the permanent lead on the
second shift. These actions, as well as statements made
by management agents, prove that Cerro intentionally
discriminated against Mrs. Riddle because of her sex
(female) in violation of Title VII, 42 U.S.C. Subsection
2000e et seq.

Defendant's Position in ¶ 5(c) of the Pretrial Order states:

    (c)   Defendant's position.

The Defendant denies that Ms. Riddle was the victim of
intentional or any other kind of sex discrimination.
Riddle was appointed to the position of acting lead
person in 1983 because she was the only available person
in the shipping department on second shift with relevant
experience. After observing Riddle in the position of
lead for several months, it became clear to Cerro
Management that Riddle had overall performance problems,
attitude problems, she could not control her temper and
she could not get along with her own employees and with
fellow leads.

Against this background, the Defendant has a proven track
record of promoting numerous females to its lead
positions throughout the facility. Moreover, at the time
Riddle was denied the lead position in question two other
females were promoted to lead out of five openings.

The Defendant had legitimate and nondiscriminatory
reasons for the actions it took. Those reasons were not

pretextual and would have resulted in the actions taken by the Defendant regardless of any alleged discrimination.

The Plaintiff has failed to specifically allege any specific unlawful employment practices other than the alleged failure to promote Ms. Riddle to the permanent lead job in question.  Thus, the Plaintiff should be precluded from raising any other alleged unlawful practices by amendment to the complaint or otherwise.

The Plaintiff's inexcusable and unreasonable delay in investigating the charge, processing it and asserting the claim have caused undue prejudice and should cause this action to be dismissed.

[Pretrial Order, Court Record, CV 87-HM-5594-NE]

On June 24, 1988 Supplemental Pretrial Order No. 2 was entered in CV 87-HM-5594-NE setting the case for final bench hearing on July 27, 1988 in the courtroom of the Federal Courthouse in Huntsville, Alabama and providing briefing schedule and requirements for counsel of record for the parties.

Paragraph 2 of EEOC's "friend-of-the-court" letter brief dated January 5, 1989 to this judge [received January 6, 1989] describes the events immediately preceding the commencement of settlement discussions between EEOC and Cerro Wire:

As your Honor will recall, the previous litigation had a trial set for July 27, 1988.  Counsel for both sides had been strongly admonished by the Court that no delays would be tolerated.  Consequently, very heavy deposition Discovery (eighteen depositions alone), plus time-shortened interrogatories,[5] etc., were underway until the very last moment allowed by the Court's Pre-Trial Order. It was in this highly charged atmosphere that settlement discussions were begun in early July, 1988.

---

[5]Amazing.

10

By mid-July, 1988 CV 87-HM-5594-NE had been settled in principle and so reported to the Court [EEOC letter dated July 18, 1988 to the Court with Attorney John Wilmer copied; Ex. "A" to EEOC letter brief] ["This case has been settled in principle.  We are therefore requesting that it be taken off the trial docket so that an appropriately worded Consent Decree can be drafted, totally resolving this matter"].

EEOC's letter brief to the Court dated January 5, 1989, third paragraph, continues to record the sequence of events:

> ...at this point, it had become clear that Mrs. Elaine Riddle, whose administrative charge of discrimination had initially triggered the Commission's suit, was not pleased with the individual relief secured for her in the agency's settlement.  The Commission's counsel then informed Mrs. Riddle 1/ that our obligation is to prosecute/settle cases for the public interest; she was strongly advised to seek a private attorney to protect her personal interest if the Commission's proposed settlement of the case did not satisfy her. Simultaneously with informing Mrs. Riddle of her right to counsel to protect her personal interests, the Commission's attorney prepared a draft Consent Decree which allowed her either to opt in or to opt out of the agency's settlement.  Exhibit "B", at footnote number 2. Additionally, the possibility of Cerro's facing a private suit from Mrs. Riddle, either by intervention or through the Right-to-Sue Letter process, was discussed with defense counsel.  (emphasis in original)
>
> _____
> 1/   Mrs. Riddle had previously been informed of her personal intervention rights at a meeting with the Commission's counsel in our Birmingham offices on January 15, 1988.

Under date of July 20, 1988 EEOC by letter to Attorney John A. Wilmer [representing Cerro Wire] forwarded draft of Consent Decree in CV 87-HM-5594-NE with request that Wilmer prepare an appropriate draft of Exhibit "B" (outlining the objective criteria

for including female potential candidates for promotion in the training program) and forward it to EEOC for inclusion in the original.  [Ex. "B" to EEOC letter brief dated January 5, 1989]. Paragraphs 4 and 5 and footnote 2 to ¶ 4 of the draft of Consent Decree above referenced provided:

> 4.  Upon receipt of a signed <u>Release</u> form (see Exhibit "C") executed by Mrs. Nora Elaine Riddle, Cerro will remit to the EEOC a check in the amount of ONE THOUSAND AND FIVE HUNDRED DOLLARS ($1,500,000) made out to her.  Upon receipt of Cerro's check made out to Mrs. Riddle, the EEOC will promptly disburse said money to her. <u>2/</u>

> 5.  Cerro will take no adverse action, either against Mrs. Nora Elaine Riddle or against any other person, in retaliation for either having filed a charge against the company with the EEOC or for having assisted the EEOC in its prosecution of this action.

> _____
> <u>2/</u> In the event that Mrs. Riddle refuses to sign said <u>Release</u>, no monies shall be paid to her.

At some short time prior to August 16, 1988 Riddle contacted the Birmingham, Alabama law firm of Gordon, Silberman, Wiggins & Childs concerning her displeasure over the proposed $1,500 settlement of her Title VII employment discrimination claim against Cerro Wire negotiated for her by EEOC counsel.  By letter dated August 16, 1988 Attorney Melinda Lawrence Denham of the Gordon-Silberman law firm notified EEOC Senior Trial Attorney G. William Davenport as follows:

> August 16, 1988

> Mr. G. William Davenport
> Senior Trial Attorney
> E.E.O.C.
> Birmingham District Office
> 2121 8th Avenue North
> Birmingham, Alabama 35203

Re:  <u>Riddle v. Cerro Wire and Cable Groups, Inc.</u>
EEOC NUMBER:  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

Dear Mr. Davenport:

    Ms. Nora Riddle has contacted me with regards to the above mentioned matter.  I need for you to call or write me with the details of the case, specifically:

1.    Was Ms. Riddle intervened as a plaintiff?

2.    Has the settlement been entered at this time?

3.    What steps are the EEOC going to take since Ms. Riddle is not pleased with the settlement that was negotiated on her behalf?

I look forward to hearing from you.

                    Sincerely,
                    s/Melinda Lawrence Denham

                    Melinda Lawrence Denham

cc:  Nora Riddle

    [Ex. 4, Pl's Memo In Opposition To Def.'s Motion To Dismiss, CV 88-HM-5512-NE; Ex. D, EEOC's letter brief dated January 5, 1989]

On August 17, 1988 the Commission forwarded the final draft of the Consent Decree in CV 87-HM-5594-NE (still containing what EEOC euphemistically refers to as "opt in opt out language for Mrs. Riddle") to defense counsel John Wilmer for his signature[6] and submission to the Court [Ex. "C", EEOC letter brief to the Court dated January 5, 1989].  <u>Later that same day</u>, EEOC received the August 16, 1988 letter above set out from Riddle's private counsel inquiring about the status of the case.

--------

[6]EEOC forwarded this document already executed by the Commission.

13

While the Court records in CV 87-HM-5594-NE clearly and plainly show that this judge did not enter his approval to the Consent Decree therein until <u>August 25, 1989</u> [also date of entry on court record] the EEOC letter brief of January 5, 1989, first full paragraph on second page, records EEOC's August 17, 1988 written response to the August 16, 1988 letter inquiry of Riddle's private counsel as follows:

> <u>The Commission realized that it was, by then, probably too late for Mrs. Riddle's new counsel to intervene in the existing case before it was settled</u>. It therefore was suggested that she request a Right-To-Sue Letter since the <u>Consent Decree</u> had been drafted to allow her to opt out of the agency's settlement if she chose. Exhibit F. On August 25, 1988, the Court entered the <u>Consent Decree</u> (still containing the opt out provision for Mrs. Riddle) resolving the Commission's case. Exhibit 6. And on August 26, 1988, a Right-To-Sue Letter was issued to Mrs. Riddle. Exhibit H. (emphasis supplied)

[EEOC letter brief dated January 5, 1989, 2nd page]

On August 19, 1988, five full days before the Consent Decree was entered in CV 87-HM-5594-NE, EEOC forwarded Commission letter to Riddle's private counsel responding to her August 16, 1988 inquiry made on Riddle's behalf which reads as follows:

August 19, 1988

Our Reference:
<u>EEOC v. Cerro Wire and Cable Groups, Inc.</u> Civil Action No.: CV-87-HM-5594-NE

Ms. Melinda Lawrence Denham
GORDON, SILBERMAN, WIGGINS & CHILDS
Attorneys at Law
Fifteenth Floor, Colonial Bank Building
Birmingham, Alabama   35203

Dear Ms. Denham:

14

The Commission has agreed to settle our prosecution of Cerro by entering into a <u>Consent Decree</u>.  In the event that Mrs. Riddle is not fully satisfied with the relief secured for her personally, she need only request a Right-To-Sue Letter and sue Cerro on her own.  Nothing in the Commission's resolution of this matter will bind Mrs. Riddle unless she chooses to sign a release (which we will forward to you under separate cover) and thereby receive money from the company.

Sincerely,

Jerome C. Rose
Regional Attorney

<u>s/ G. William Davenport</u>

G. WILLIAM DAVENPORT
Senior Trial Attorney
Tele.  205/731-1299

cc:  John A. Wilmer, Esq.

[Ex. 5, Pl.'s Memo In Opposition To Def.'s Motion To Dismiss, CV 88-HM-5512-NE]

No response to the August 19, 1988 letter was made by Cerro Wire's attorney either to EEOC or to Riddle's private counsel, insofar as this record shows.

On August 22, 1988, <u>three days prior to entry of Consent Decree in CV 87-HM-5594-NE</u>, private counsel for Riddle requested EEOC issuance of Right-To-Sue Letter for Riddle on her Charge Number 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 [Ex. 7, Pl's Memo. In Opposition To Def.'s Motion To Dismiss, CV 88-HM-5512-NE].  Pursuant to such request and by letter dated August 26, 1988, <u>the day following entry of Consent Decree in CV 87-HM-5594-NE</u>, EEOC forwarded to Riddle's private counsel EEOC Right-To-Sue Letter to Nora E. Riddle issued August 26, 1988, EEOC Charge No. 042 84 1170; Nora E. Riddle vs. <u>Cerrock</u> Wire and Cable Group, Inc. [Pl.'s Ex. 7; Pl.'s Ex. 8, Pl.'s Memo.

15

In Opposition To Def.'s Motion To Dismiss, CV 88-HM-5512-NE] [Ex. H, EEOC letter brief dated January 5, 1989].[7]

While this evidentiary record is silent on the point, the Court proceeds here on the premise that Riddle refused: [1] to accept the $1,500 settlement with Cerro Wire negotiated for her by the Commission in CV 87-HM-5594-NE; and [2] refused to execute the release to Cerro Wire [See ¶¶ 4 and 5 of Consent Decree, CV 87-HM-5594-NE.

As previously noted, plaintiff Riddle thereafter commenced the above entitled civil action [CV 88-HM-5512-NE] on November 2, 1988.

### [STATEMENT OF THE ISSUES]

The dispositive issue to be decided in this case is whether the EEOC § 706 suit against Cerro Wire in CV 87-HM-5594-NE filed on behalf of Nora E. Riddle pursuant to her Charge of Discrimination filed with the Commission, entry of the Consent

---

[7]In fairness to all concerned either counsel for the Commission or counsel for Cerro Wire orally communicated to a law clerk of this judge at some time after the Commission's July 18, 1988 letter notification to the Court [received July 19, 1988] that the case had been settled in principle and should be taken off the trial docket and before the physical submission to the Court of the proposed Consent Decree executed by or on behalf of the parties that Riddle was unhappy with and was raising cain about the amount of money negotiated for her by the Commission in the settlement agreement with Cerro Wire.  This limited oral communication was promptly orally reported to this judge by the law clerk who has now gone into greener pastures.  This judge recalls no other information being furnished him or to any member of his staff regarding the matter.  Obviously, the so-called "opt in" "opt out" language of the Consent Decree in CV 87-HM-5594-NE did not go unnoticed by this judge as the document was reviewed by him prior to affixing his approving signature thereon on August 25, 1988 without making inquiry of counsel of record concerning the status of Riddle's individual claim of employment discrimination.

Decree therein on August 25, 1988 and entry of Order of dismissal
with prejudice therein on September 2, 1988 on motion of EEOC
preclude Nora E. Riddle's individual § 706 suit in CV 88-HM-5512-
NE based on essentially the same charges?   Sub-issues, are:
[1] whether Riddle must have intervened in EEOC's prior suit
against Cerro Wire to protect her individual rights in that
litigation as was her right under 42 U.S.C. § 2000e-5(f)(1); and
[2] what are the legal consequences of her failure to do so?
Finally, the remaining sub-issue for determination is whether
EEOC's issuance of the Right-To-Sue Letter to Riddle on August 26,
1988, one day following entry of the Consent Decree if EEOC's suit
against Cerro Wire, was authorized or unauthorized by the
provisions of 42 U.S.C. § 2000e-5(f)(1)?

[DISCUSSION]

The questions to be answered in this case turn upon a proper
interpretation of § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-
5(f)(1), which, insofar as here pertinent, provides:

> (f)(1) If within thirty days after a charge is filed with the
> Commission . . ., the Commission has been unable to secure
> from the respondent a conciliation agreement acceptable to the
> Commission, the Commission may bring a civil action against
> any respondent not a government, government agency, or
> political subdivision named in the charge . . .   The person
> or persons aggrieved shall have the right to intervene in a
> civil action brought by the Commission . . .

*     *     *

17

If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred eighty days from the filing of such charge . . ., the Commission has not filed a civil action under this section . . ., or the Commission has not entered into a conciliation agreement to which the aggrieved person is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved by the alleged unlawful employment practice.

*     *     *

Upon timely application, the Court may, in its discretion, permit the Commission, . . . to intervene in such civil action upon certification that the case is of general public importance.

42 U.S.C. § 2000e-5(f)(1).

A common sense reading of § 706(f)(1) of the Act, 42 U.S.C. § 2000e-5(f)(1), in keeping with its purpose,[8] and application of the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself,[9] leads to a reasonable and logical conclusion that Riddle's

---

[8]Baily v. USL Corp., 850 F.2d 1506, 1509 (11th Cir. 1988).

[9]Consumer Product Safety Comm'n. v. GTE Sylvania, 447 U.S. 102, 108 (1980) ["Absent a clearly expressed legislative intention to the contrary, that language must be regarded as conclusive." Id. at 108].

present independent suit against Cerro Wire is not authorized by the federal statute under which it is brought.  The Court therefore specifically holds that EEOC's § 706(f)(1) suit against Cerro Wire on behalf of Riddle based on her individual charge of sex discrimination against Cerro Wire filed with the Commission and Riddle's attendant § 706(f)(1) unqualified right and conscious failure to intervene[10] in that EEOC suit is exclusive of any right on Riddle's part under § 706(f)(1), as the charging party, to sue Cerro Wire independently once such EEOC suit, containing no jurisdictional or procedural defects, has been concluded by entry of consent decree which to Riddle's and her private legal counsel's actual knowledge for an appreciable period of time before entry of such consent decree contained EEOC negotiated provision for payment of sum certain to Riddle by Cerro Wire in satisfaction of her individual claim of past employment discrimination in exchange for her execution and delivery of release to Cerro Wire.  See Jones v. Bell Helicopter Co., 614 So.2d 1389, 1390 (5th Cir. 1980) [Individual cannot bring a private Title VII action, based on the same claim at issue in an earlier action brought by the EEOC in which individual consciously did not seek to intervene, when the EEOC's action is set aside for failure to comply with the Administrative Procedure Act.] [Abrogated on other grounds, U.S. v. Popovich, 820 F.2d 134 (5th Cir. 1987)].  See McClain v. Wagner Electric Corp., 550 F.2d 1115, 1119 (8th Cir. 1977); and Adams v.

---

[10]An intervention as of right under Rule 24(a), Fed.R. Civ.P., clearly accorded to the person aggrieved by the Congress in the statutory scheme to enable that person by the intervention procedure to protect his/her individual rights under the Act.

Proctor & Gamble Mfg. Co., 697 F.2d 582, 583-84 (4th Cir. en banc, 1983), cert. denied, 104 S.Ct. 1318 (1984) [Suits by individuals who are charging parties, who have not intervened in pending EEOC action in their behalf, are precluded once the EEOC action has been concluded by a consent decree.  Plain meaning of § 706(f)(1) cannot be changed.].

This Court is not unmindful of Truvillion v. King's Daughters Hospital, 614 F.2d 520 (5th Cir. 1980), a Title VII job discrimination case, holding: [1] that summary judgment granted employer in suit brought by EEOC on ground that EEOC failed to meet conditions for bringing suit had no res adjudicata effects as to EEOC or charging party; [2] filing of suit by EEOC did not cut off charging party's right to bring her own suit under Title VII and charging party did not waive her statutory right to intervene in EEOC suit which was dismissed as jurisdictionally defective; and [3] EEOC had authority to issue charging party a right-to-sue letter even though its suit brought against the employer of charging party was dismissed as jurisdictionally defective. Truvillion simply is not negatively or affirmatively apposite to the instant case, merely holding that a charging party has no right or obligation to intervene in a defective suit instituted by EEOC and that there was no action in which Truvillion could have intervened.  Id. at 526.  As a matter of fact, Truvillion at p. 525 of 614 F.2d observes by way of dictum:

> It does no injustice to prevent an individual from prosecuting a second action seeking the relief the E.E.O.C. sought in a prior action, when the individual consciously waived intervention in that action.  (emphasis added).

Moreover, _Truvillion_ recognizes the invaluable EEOC assistance available to an intervening charging party:

> [w]here a party can intervene in a pending action and add her voice to that of the Commission, she may be assured that her interests <u>are as well represented as they can be</u>.  (emphasis added)

> 614 F.2d at 525.

While the _Truvillion_ court cited and discussed _McClain v. Wagner Electric Corp._, _supra_, the Eighth Circuit case which this Court finds persuasive, it neither adopted or rejected the holding there that the charging party's sole remedy was by way of intervention in the EEOC suit and that the charging party had no right to maintain a separate action after the EEOC suit was terminated by entry of a consent decree, 550 F.2d at 1119 ["We express no opinion on the result that a plaintiff's sole remedy may be intervention in a suit of whose existence he is unaware," _Truvillion_, 614 F.2d at 526].  The Court here notes that there is no necessity in the instant case to determine Riddle's remedy had she been unaware of the existence of the EEOC suit against Cerro Wire filed on her behalf.  The record here shows without dispute Riddle's knowledge and awareness of the EEOC suit for at least several months prior to the EEOC-Cerro Wire negotiated settlement and her knowledge and awareness of the proposed Consent Decree and the $1,500 settlement of her individual claim therein negotiated for her by EEOC several seeks prior to the entry of the Consent Decree in the EEOC suit.  Moreover, the Court further notes that it is not here declaring a rule premised on a jurisdictionally or

21

procedurally defective suit instituted by EEOC on behalf of Riddle
in which she consciously did not intervene.  Although the so-called
"opt-in" "opt-out" clause utilized by the EEOC here in its drafting
of the Consent Decree, its August 19, 1988 written assurance to
Riddle's private legal counsel that if she [Riddle] were not fully
satisfied with the relief secured for her personally by EEOC she
needed only request a Right-To-Sue Letter and sue Cerro on her own
and EEOC's issuance of the Right-To-Sue Letter to Riddle on August
26, 1988 were seemingly relied upon by Riddle and her private legal
counsel as authorization for her commencement of a second suit
against Cerro Wire following the entry of the Consent Decree in the
EEOC suit, the language of 42 U.S.C. § 2000e-5(f)(1) says simply
and plainly: [1] that EEOC was without statutory authority to issue
to Riddle the Right-To-Sue Letter in question;[11] [2] such Right-To-
Sue Letter is a nullity unauthorized by law; and [3] that Riddle's
right to commence a Title VII action against Cerro Wire was cut off
by the institution of the EEOC suit against Cerro Wire on her
behalf which no one has questioned jurisdictionally or
procedurally.[12]

---

[11]One day following entry of the Consent Decree in the EEOC
suit.

[12]If there be criticism of this Court, justified or not, for
its approval of the Consent Decree on August 25, 1980 with its so-
called "opt-in" "opt-out" language applicable to Nora E. Riddle,
let it be so.  However, Riddle's own conscious election not to
accept the $1,500 settlement sum negotiated for her by EEOC and her
conscious election not to intervene in the EEOC suit at a time she
was represented by private counsel and both were fully aware of the
EEOC suit and of the proposed Consent Decree therein containing the
$1,500 settlement for Riddle did not authorize the EEOC to issue
to her a Right-To-Sue Letter under conditions not authorized by

Neither is this Court unmindful of the dictum appearing as n.62 of <u>United States v. Allegheny-Ludlum Industries, Inc.</u>, 517 F.2d 826, 870 (5th Cir. 1975),[13] which reads:

> 62.    This is best illustrated by the charging party's unconditional right to intervene in order to protect his or her own interests in a § 706 suit brought by the Commission, which otherwise cuts off the private party's right to sue under Title VII.    See § 706(f)(1), 42 U.S.C. § 2000e-5(f)(1).

Here the Equal Employment Opportunity Commission and the Secretary of Labor brought an action against nine steel companies alleging patterns and practices of hiring and job assignment discrimination on the basis of race, sex and national origin and sought to enforce the edicts of Title VII and an executive order.    After consent decrees were entered, three organizations, four individuals and six groups of plaintiffs moved to intervene and to vacate the decrees. The United States District Court For The Northern District of Alabama, Sam C. Pointer, Jr., Judge [now Chief Judge], granted intervention to certain movants, denied intervention to others and refused to vacate the decrees.    Appeals were taken.    The former Fifth Circuit Court of Appeals held: [1] that women's feminist organization enjoyed no unconditional statutory right to intervene, and no abuse of discretion was shown in denial of permissive intervention by the organization; [2] that provisions in consent

---

Section 706(f)(1) of the Act and does not authorize or empower this Court to now alter or change the language and plain meaning of that federal statute.

[13]This case is referred to and briefly discussed in <u>Truvillion</u>, 614 F.2d at 526.

decrees requiring each employee to execute release in order to receive back pay did not provide for release of prospective rights and was not against public policy; [3] that provisions of decrees relating to the mechanics and procedures of ongoing enforcement did not constitute an unlawful abdication of responsibilities by agencies of government; [4] that the mechanics of information compilation and production established by the decrees were sufficient to insure adequate judicial supervision; and [5] that decrees would not be invalidated on ground that interested private parties and their counsel were not invited to participate in predecree negotiations.   Affirmed.

While the Allegheny-Ludlum Industries case makes for interesting reading, this Court does not perceive that the principle of law enunciated therein as n.62 on page 870 of 517 F.2d, favorable as it appears to the conclusion reached and holding made by this Court in the instant case, was intended by the Fifth Circuit to be anything other than an illustration of the point being made in the body of the opinion where footnote 62 appears, viz:

> Nevertheless, it is important to stress that the question whether a given charge lies "wholly within the scope" of the decrees is ultimately a matter committed to the sound judgment of the EEOC, although we do not suggest that the agency's exercise of judgment would be entirely unreviewable in every conceivable circumstance. Yet appellants seem to believe that the agency is duty-bound to seek precisely the relief desired by every charging party.  That is not so.  The EEOC does not stand in a lawyer-client posture viz-a-viz the persons who are protected by Title VII.62/  Rather, the Commission must endeavor to eliminate discrimination in a manner consistent with the public interest.  Cf. Bryan v. Pittsburgh Plate Glass Co., supra, 494 F.2d at 803.  That

responsibility attaches to conciliations as well as to lawsuits.

   517 F.2d at 870.

An appropriate order will be entered granting defendant's motion for summary judgment. The Court will thereupon direct entry of separate order dismissing the above entitled civil action with prejudice.

DATED: March 28, 1989

_____
             E. B. HALTOM, JR.
     UNITED STATES DISTRICT JUDGE